# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LEE CASS,<br><br>        Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>        Defendant. | Case No.: 17-CV-1364 W (NLS)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS [DOC. 2]** |

  Plaintiff Timothy Lee Cass filed this action on July 5, 2017, seeking review of the denial of his application for disability insurance benefits under the Social Security Act. (*Compl.* [Doc. 1].) He thereafter filed the pending motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (*Pl.'s Mot.* [Doc. 2].) The Court decides the matter on the papers submitted pursuant to Civ. L.R. 7.1(d)(1). For the reasons outlined below, the Court **DENIES** the IFP motion. [Doc. 2.]

//

//

1

# I. LEGAL STANDARD

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), *reversed on other grounds*, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").

It is well-settled that a party need not be completely destitute to proceed in forma pauperis. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339–40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." Id. at 339 (internal quotations omitted). At the same time, however, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). "[T]he greater power to waive all fees includes the lesser power to set partial fees." Olivares v. Marshall, 59 F.3d 109, 111 (9th Cir. 1995).

The facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation omitted). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelly, 1995 WL 396860 at *2 (N.D. Cal. 1995) (initially permitting Plaintiff to proceed in forma pauperis but later requiring him to pay $120 filing fee out of $900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) ("[P]laintiff possessed savings of $450 and the magistrate correctly determined that this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action . . . .").

Permission to proceed IFP is "a matter of privilege and not right[,]" Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984), and " 'in forma pauperis status may be acquired and lost during the course of litigation.' " Baize v. Lloyd, 2014 WL 6090324, at *1 (S.D. Cal. Nov. 13, 2014) (quoting Wilson v. Dir. of Div. of Adult Insts., 2009 WL 311150, at *2 (E.D. Cal. Feb. 9, 2009)).

## II. DISCUSSION

According to his declaration, Cass earns a gross $5529.29 per month, and his spouse $659.00 per month—both from retirement income. (*Pl.'s Mot.* [Doc. 2] 2.) This yields a total of $6188.29/month. (*See id.*) He owns $350,000 equity in his home, other real estate worth $27,500, and two vehicles worth $500 and 700, respectively. (*See id.* [Doc. 2] 3.) Cass declares that he has a sum total of $250.00 in any financial institution. (*See id.* [Doc. 2] 2.)

According to Cass' declaration, no one relies on him or his spouse for support. (*Pl.'s Mot.* [Doc. 2] 3.) Yet Cass declares that he and his spouse spend $1,726.00 monthly on rent or a home mortgage payment, in addition to $1,850.00 each month on utilities, $1,400.00 monthly on food, $450.00 monthly on clothing, and $50.00 monthly in taxes. (*See id.* [Doc. 2] 4–5.) These figures yield monthly expenses in the amount of $5,476.00. (*See id.*)

The filing fee for an ordinary civil action is $400. It is not clear what individual payments might comprise a $1,850 monthly utilities budget. Nor does the motion elucidate why Cass and his spouse could not deduct from a $1,400 monthly food budget or a $450 monthly clothes budget to pay a $400 filing fee without sacrificing the necessities of life. See Adkins, 335 U.S. at 339–40; 28 U.S.C. § 1915.

The motion will be denied.

### III. CONCLUSION & ORDER

For the reasons addressed above, the Court **DENIES** Plaintiff's motion to proceed IFP. [Doc. 2.]

**IT IS SO ORDERED.**

Dated: July 12, 2017

_____
Hon. Thomas J. Whelan
United States District Judge